

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 12, 1949

Hon. Gene Maddin
District Attorney
Waco, Texas

Opinion No. V-962.

Re: The constitutionality
of H.B. 543, 51st Leg.,
authorizing counties to
provide exhibit build-
ings for horticultural
and agricultural pro-
ducts and to issue
bonds and levy taxes
to finance this pro-
gram.

Dear Sir:

Reference is made to your recent letter in
which you asked us to pass upon the constitutionality of
House Bill 543 (Acts 51st Leg., R.S., 1949, Ch.411, p.
764) which reads as follows:

"AN ACT to authorize Commissioners Courts
to purchase, build or construct buildings
and other permanent improvements to be used
for annual exhibits of horticultural and
agricultural products, and/or livestock and
mineral products of the county, and provid-
ing for the location and payment therefor;
authorizing the issuance of negotiable bonds
for such purpose and the levy and collection
of taxes in payment thereof; and declaring
an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE
STATE OF TEXAS:

"Section 1. The Commissioners Court of
any county is hereby authorized to purchase,
build, or construct buildings and other per-
manent improvements to be used for annual ex-
hibits of horticultural and agricultural pro-
ducts, and/or livestock and mineral products
of the county. Such building or buildings and
other permanent improvements may be located in
the county at such place or places as the Com-
missioners Court may determine. Payment for

such building or buildings and other permanent improvements shall be made from the Constitutional Permanent Improvement Fund.

"Sec. 2. To pay for such building or buildings and other permanent improvements, the Commissioners Court is hereby authorized to issue negotiable bonds of the county and to levy and collect taxes in payment thereof, the issuance of such bonds and the levy and collection of taxes to be in accordance with the provisions of Chapter 1, Title 22, Revised Civil Statutes of Texas 1925, governing the issuance of bonds by cities, towns, and/or counties in this State.

"Sec. 3. The fact that there is a great need in many counties for the buildings hereby authorized and the power to finance the construction of the same by the issuance of negotiable bonds, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House, be, and the same is hereby, suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

This Act was passed by the Legislature so that the counties which desired "to purchase, build or construct buildings and other permanent improvements to be used for annual exhibits of horticultural and agricultural products and/or livestock and mineral products" of the county might accomplish that result through the issuance of bonds.

It was held in Keel v. Pulte, 10 S.W.2d 694 (Tex.Comm.App.1928) that:

"The power to issue negotiable paper for public improvements, or for money borrowed for the purpose of acquiring such improvements, is a power which is regarded as being beyond the scope of power of the governing body of a city or a county unless it be specially granted."

Although Article 2372d, Vernon's Civil Statutes, authorizes counties to build the buildings mentioned in H.B.543, it was held in Adams v. McGill, 146 S.W.2d 332

(Tex.Civ.App.1940, error ref.) that:

> "In the cases cited above the power to pay for such improvements with time warrants seems to have been inferred from the power and duty to make same.  On the other hand, it is well established that from the duty and power to make these improvements the power to issue negotiable bonds to pay for same out of the proceeds thereof is not to be implied."

In the same case it is stated:

> "There is this intrinsic difference between bonds and warrants:  A bond is a negotiable instrument, while a warrant is non negotiable."

The court therefore held that bonds could not be issued because there was no authority therefor.  This statute supplies that authority.

We have examined both the caption and body of House Bill 543 and find that the Act is in conformity with the Constitution in every respect and it is, in our opinion, a valid bill.

## SUMMARY

> House Bill 543, Acts of the 51st Legislature, Regular Session, 1949, Chapter 411, page 764, which empowers counties to acquire buildings for agricultural and horticultural exhibits and to issue bonds therefor, is a valid and constitutional Act.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

Price Daniel
ATTORNEY GENERAL

By Bruce Allen
Bruce Allen
Assistant

BA:mw